tiff moved that a referee be appointed to hear and determine. The motion was granted, and the appeal is from the order.

The real and substantial controversy is over the validity of the third clause of the will, as well as the validity of the instrument executed by the appellant, confirming the trust. It is quite apparent that these issues must be determined, even if an accounting be had, before a distribution can be made. If, at the trial, it should be determined that the plaintiffs' contention is correct, then the court can, of its own motion, send the matter to a referee to take and state the account and direct how the same shall be distributed. Before a reference is ordered, an interlocutory judgment should be entered determining these issues. The general rule is that an accounting cannot be referred prior to the trial of the other issues, and the entry of an interlocutory judgment settling and determining the same. Bushby v. Berkeley, 135 App. Div. 443, 119 N. Y. Supp. 739; Goodman v. Roth, 135 App. Div. 515, 120 N. Y. Supp. 328; Post v. Van Siclen, 132 App. Div. 796, 117 N. Y. Supp. 554; London v. Meryash, 132 App. Div. 323, 117 N. Y. Supp. 1; Gibson v. Widman, 106 App. Div. 388, 94 N. Y. Supp. 593. I think the rule is applicable to the case before us.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

## HALL v. HALL.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

JUDGMENT (§ 712*)—CONCLUSIVENESS—PARTIES.

    Plaintiff having conveyed certain premises to Y. on November 16, 1904, Y. mortgaged the same to defendant November 18, 1905. On November 11, 1907, plaintiff sued Y. and his wife to recover possession of the property in which she succeeded in obtaining a decree restoring her to her former-estate therein, which judgment was entered January 13, 1908. *Held* that, defendant not having been a party to such action, she was not bound thereby, and that her mortgage was a valid lien against the property.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1233; Dec. Dig. § 712.*]

Appeal from Trial Term, Fulton County.

Action by Hannah Hall against Ellen Hall to set aside a mortgage and have the same discharged of record. Judgment for defendant, and she appeals. Affirmed.

The following is the opinion of the trial court:

This action was regularly brought on for trial at an adjourned Trial Term of the Supreme Court, held in Fulton county. The answer denied no allegations of the complaint, and the plaintiff rested upon the allegations in the complaint. The defendant put in evidence the bond and mortgage described in the complaint, and the case was submitted to the court.

The action is brought to have declared null and void the mortgage described in the complaint and the same discharged from record. The plaintiff has not shown facts sufficient to constitute a cause of action, to secure the relief demanded, or any relief in equity. The deed of the premises, made by the plaintiff to William Yocum and Mary Yocum, is acknowledged on the 16th

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

day of November, 1904. The mortgage made by William Yocum and Mary Yocum to the defendant, Ellen Hall, is dated November 18, 1905, and is acknowledged on the same day. On the 11th day of November, 1907, the complaint alleges that the plaintiff brought an action against William Yocum and Mary Yocum to recover possession of the real property described in the several instruments set forth herein and recovered judgment in her favor against the defendants awarding her complete possession of the property, restoring her to her former estate therein, and declaring her the sole owner in fee therein, which judgment is entered in the clerk's office of Fulton county on the 13th day of January, 1908. The defendant, Ellen Hall, was not a party to that action, and consequently is not bound by the judgment or decree. There are no allegations in the complaint showing why the mortgage is void and why it is not a valid lien upon the premises described in the complaint.

The defendant is entitled to a judgment dismissing the complaint upon the merits, with costs.

A decision may be prepared and presented directing judgment accordingly.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Eugene D. Scribner, for appellant.
H. D. Wright and N. H. Anibal, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Van Kirk, J., at Trial Term. All concur, except SMITH, P. J., who votes for modification of the judgment so as to strike therefrom the provision that it is upon the merits.

---

JARDINE, MATHESON & CO., Limited, v. HUGUET SILK CO.

(Supreme Court, Appellate Division, First Department. May 20, 1910.)

Appeal from Trial Term, New York County.

Action by Jardine, Matheson & Co., Limited, against the Huguet Silk Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

James F. Lynch, for appellant.
Carlisle Norwood, for respondent.

PER CURIAM. Judgment and order affirmed with costs.

LAUGHLIN, J. (dissenting). I dissent, upon the ground that the court erred in excluding the documentary evidence which the defendant claimed would tend to show that the parties contemplated an importation of silk from a particular firm, and upon the ground that the court erred in rejecting evidence with respect to the quality of the silk in the two bales purchased from Guerin et Fils, as it would bear on the question of damages, notwithstanding the fact that counsel for the defendant did not state that it was offered for that purpose, and that this point was not raised by him upon the appeal.